Eastern District of Kentucky
**F I L E D**

MAR 24 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**UNITED STATES OF AMERICA**

V.                                                             INDICTMENT NO. 6: 22-CR-15-CHB
                                                               18 U.S.C. § 371

**REX G. FOUGHT**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

From in or about February 2014, the exact date being unknown to the Grand Jury, and continuing until about September 2019, in the Eastern District of Kentucky, and elsewhere,

**REX G. FOUGHT**

unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed together with M.M. and with other individuals both known and unknown to the Grand Jury, to defraud the United States and to commit offenses against the United States, namely, violations of 26 U.S.C. § 7206 (1) and (2).

Objects of the Conspiracy

1.   It was part and an object of the conspiracy that **REX G. FOUGHT** and others, known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Department of Treasury in the ascertainment, computation,

assessment, and collection of the revenue: namely, the personal and corporate taxes of **REX G. FOUGHT,** R.A.M., SBJ Leasing, and JStar Enterprises.

2.   It was a further part and object of the conspiracy that **REX G. FOUGHT** and others, known and unknown to the Grand Jury, made and subscribed to a false tax return and aided and assisted in the preparation and presentation of a false and fraudulent tax return, in violation of 26 U.S.C. §§ 7206(1) and (2).

## Parties, Persons, and Entities

3.   At all relevant times, M.M. was the Controller and **REX G. FOUGHT** was the manager of Catalyst Resources LLC, Covol Fuels No 3, LLC and Rockhampton Energy LLC.  Catalyst Resources was a mining company owned by various investors, including KT Consulting, Inc., the entity that employed **REX G. FOUGHT** and that was owned by his wife. Catalyst Resources owned Covol Fuels, a coal washing operation and E.M.R. was the owner of Rockhampton Energy, a coal mining company that performed the coal mining operations for Catalyst Resources.

4.   At all relevant times, SBJ Leasing, LLC was a company, organized in Delaware in 2014, that earned some legitimate income from coal contracts, but otherwise served as a shell company used by M.M. and **REX G. FOUGHT.**  In 2014, SBJ Leasing was solely owned by **FOUGHT.**  In 2015, SBJ Leasing was 97% owned by R.A.M., while **FOUGHT** retained 3% ownership.  In 2016, R.A.M. became the sole owner.

5.   At all relevant times, JStar Enterprises, LLC was a company, organized in Delaware in 2014, that served as a shell company used by M.M., **REX G. FOUGHT,** and R.A.M.  M.M. was the registered agent and manager until April 21, 2020, when

R.A.M. became the sole member and registered agent. In 2015, R.A.M. owned 97% of JStar Enterprises, while M.M. owned 3%. In 2016, this changed to R.A.M. having complete ownership of the entity.

6. R.A.M. was the romantic partner of **REX G. FOUGHT**, who was paid as an employee of Rockhampton Energy, although she performed little to no work for the entity. At all relevant times, her tax returns reflected she was the sole owner of SBJ Leasing and JStar Enterprises.

7. M.M. prepared the tax returns for **FOUGHT,** R.A.M., SBJ Leasing, LLC and JStar Enterprises, LLC.

## Manner and Means

8. The Defendant sought to accomplish the objects of the conspiracy through the following manner and means, among others,

   a. In agreement with each other, **FOUGHT** and M.M. created false financial statements and audit statements to provide to Catalyst Resources investors and lenders, to raise more funds and maintain current investments. These funds were used to fund the operations of Rockhampton Energy and Covol Fuels.

   b. In 2014, **FOUGHT** then requested that M.M. withdraw cash from Rockhampton Energy and Covol Fuels accounts, which M.M. did. **FOUGHT** did not disclose these cash withdrawals to the investors and failed to report these funds as income on his personal tax returns.

   c. In 2014, **FOUGHT** requested that M.M. organize SBJ Leasing, LLC, and

JStar Enterprises, LLC, which M.M. did. At **FOUGHT's** request, M.M. funneled money into the SBJ Leasing, LLC, and JStar Enterprises, LLC, bank accounts. M.M. then withdrew funds in cash or wrote checks to cash, all for the benefit of **FOUGHT** and R.A.M. **FOUGHT** and R.A.M. also funded a debit card on JStar Enterprise's bank account, which they used for personal expenses.

d. While much of this money was for the benefit of **FOUGHT,** all income through SBJ Leasing and JStar Enterprises was reported on R.A.M.'s tax returns.

e. In preparing JStar Enterprises' tax returns, M.M., at the request of and in agreement with **FOUGHT**, added false expenses to reduce the taxable income, which flowed through to R.A.M.'s tax returns.

f. **FOUGHT** also directed M.M. to wire funds to R.A.M. out of the Rockhampton Energy bank accounts, where she was purportedly an employee. In agreement with **FOUGHT**, M.M. did not report these wire transfers on R.A.M.'s tax returns.

g. The misrepresentations on the tax returns of **FOUGHT**, R.A.M., and JStar Enterprises, impeded the function of Internal Revenue Service to assess and collect the appropriate tax liabilities for each of these parties.

## Overt Acts

9. In furtherance of the conspiracy, and to effect the objects thereof, the Defendant committed or caused to be committed the following overt acts in the Eastern

District of Kentucky, and elsewhere

    a. In each of Tax Years 2015 through 2018, with the assistance of M.M., **FOUGHT** filed a false income tax return, which failed to include the income he received in cash or check withdrawals from Rockhampton Energy, Covol Fuels, SBJ Leasing, and JStar Enterprises.

    b. In each of Tax Years 2015 through 2018, with the assistance of **FOUGHT** and M.M., R.A.M. filed false tax returns with underreported income due in part to inflated expenses reported by JStar Enterprises.

All in violation of 18 U.S.C. § 371.

**A TRUE BILL**

FOREPERSON

_[signature]_
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

Imprisonment for not more than 5 years, fine of not more than $250,000 or twice amount of loss, and supervised release for not more than 3 years.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.